UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JANETTE HURT, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 1:24-cv-00168-MTS |
| | ) | |
| ELENA MURTAUGH, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on review of the file. For the reasons that follow, the Court will require Defendant Elena Murtaugh to file an Amended Notice of Removal.

\*

Plaintiffs Janette Hurt and Mark Hurt filed a two-count Petition in the Thirty-Second Judicial Circuit Court of Missouri, asserting state-law negligence and loss of consortium claims. Defendant removed the case to this Court pursuant to 28 U.S.C. 1441(a), arguing that this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1). Doc. [1] ¶¶ 1–3. However, Defendant's Notice of Removal fails to establish this Court's subject matter jurisdiction under that statute. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."). Such "diversity jurisdiction" is proper where there is "complete diversity of citizenship among the litigants." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). As ever, the "party seeking removal has the burden to establish federal subject matter jurisdiction." *Baker v. Martin Marietta*

*Materials, Inc.*, 745 F.3d 919, 923 (8th Cir. 2014). And the removing party satisfies this burden, in part, when it sufficiently pleads the diversity of the parties "both when the plaintiff initiate[d] the action in state court and when the defendant file[d] the notice of removal in federal court." *Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013); *accord Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 777 (8th Cir. 2014) (finding removal defective because defendant's notice failed to specify party's citizenship "when the suit was commenced").

Defendant's Notice of Removal states only that Plaintiffs are each "a citizen and resident of the State of Missouri," citing Plaintiffs' state-court Petition. Doc. [1] ¶¶ 4–5. Although these statements sufficiently allege Plaintiffs' citizenship at the time of removal, they contain no allegations concerning Plaintiffs' citizenship when this action was initiated in state court. *See Phoenix Ins. Co. v. Pechner*, 95 U.S. 183, 186 (1877) (finding removal improper where defendant stated plaintiff's citizenship as of the date of removal without "stating affirmatively that such was his citizenship when the suit was commenced"). Nor is it sufficient to cite to Plaintiffs' state-court Petition as an exhibit where, as here, it states only that Plaintiffs are "residents" of Missouri. *See Reece*, 760 F.3d at 778 (noting that the term "resident" fails to establish federal diversity jurisdiction as opposed to the terms "citizen" or "reside").\*

---

\* The Court notes that Defendant has sufficiently alleged her own citizenship because her affidavit—attached as Exhibit B to the Notice of Removal—states that she currently resides in the State of Louisiana and has resided in that state since before she was served with the state-court lawsuit. Doc. [1-3].

- 3 -

If Defendant can establish this Court's subject matter jurisdiction, Defendant must file an Amended Notice of Removal doing so. *See City of St. Louis v. Bindan Corp.*, 295 F.R.D. 392, 395 (E.D. Mo. 2013). Failure to do so will result in remand. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Accordingly,

**IT IS HEREBY ORDERED** that Defendant shall file an Amended Notice of Removal no later than **Monday, November 25, 2024**.

Dated this 15th day of November 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE